UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00263-GCM

| KEVIN TYRONE BENNETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU SMITH, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's letter [Doc. 4]. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 6].

## I. BACKGROUND

Pro se Plaintiff Kevin Tyrone Bennett ("Plaintiff") is a pretrial detainee currently detained at the Cleveland County Jail (the "Jail") in Shelby, North Carolina. On or about October 17, 2024, he filed this action pursuant to 42 U.S.C. § 1983, naming at least 21 Defendants, including officers, and/or employees of the Jail, as well as medical staff allegedly employed through a subcontract with Defendant Southern Health Partners. [Doc. 1]. Plaintiff identifies at least eight of these purported Defendants as a witness or "witness only." [Id. at 2-3, 6]. Plaintiff sues some Defendants in their individual and official capacities and others in their individual capacities only. [Id. at 4-6].

Plaintiff's Complaint contains allegations of, *inter alia*, multiple instances of sexual and physical assault, denial of mental health medication, inadequate medical care, racially-motivated harassment, interference with his ability to communicate with the courts, mold-plagued conditions

of confinement, denial of adequate recreation time, violation of his HIPAA rights, failure to provide a "heart-healthy diet," and inadequate access to a law library, all of which Plaintiff alleges occurred at the Jail. [Id. at 7-17, 22; Doc. 1-2].

Plaintiff claims the alleged conduct amounts to cruel and unusual punishment, excessive force, deliberate indifference, medical malpractice, slander, sexual and physical assault, mental stress, mental anguish, and "multiple violations against [his] constitutional rights." [Id. at 5]. Plaintiff seeks monetary and injunctive relief. [Id. at 19-22].

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Here, Plaintiff makes numerous claims arising from disparate sets of alleged facts against 21 different Defendants. A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Plaintiff's alleged claims arise out of numerous different transactions or occurrences or series of transactions or occurrences. As such, they may not be litigated in the same action. The Court will not blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action. The Court, therefore, will allow Plaintiff to amend his Complaint to make these decisions.

Moreover, witnesses to events that may form the basis of a cause of action, without more, are not properly named as Defendants. Plaintiff should not name witnesses as Defendants in any amended Complaint he may file.

Also pending is Plaintiff's letter directed to the Clerk in which he asks the Clerk to correct a "typographical error" he made in drafting his Complaint. [Doc. 4]. The Court will strike this improper letter. As Plaintiff was advised in the Standing Order of Instructions in this matter, "[l]etters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Standing Order, ¶ 5; see id. at ¶ 4 ("Only documents properly filed with the Clerk of Court will be docketed in this case.") & ¶ 8 ("Premature, misdirected, or otherwise improper filings will not be permitted.")]. Moreover, the Clerk cannot modify pleadings filed by a party. Plaintiff is cautioned to carefully review the Court's Standing Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing any further documents with this Court. Future improper filings may be summarily stricken.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28

U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Letter [Doc. 4] is hereby **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: November 15, 2024

Graham C. Mullen
United States District Judge